The Court
(Duckett, J., absent,)
was divided. Fitzhugh, J., thinking that upon the bargain being made, Neale was a trustee- *494 for the plaintiffs, and that his possession is to be considered as theirs.
Cranch, C. J.,
rather inclined to think that such a constructive possession cannot be set up against a creditor. That Neale’s possession is to be considered as the possession of Withers, and not of the plaintiffs.
But upon a second argument,
(Duckett, J., being present,)
the Court (nem. con.) refused to give the instruction prayed by the defendant’s counsel, thinking that Neale’s possession after the goods were relieved from the distress, was as a trustee for the plaintiffs.
Fitzhugh, J.,
delivered the following opinion:
The constable, after the distress, held the goods, subject to being restored to Withers on his replevying them. The replevy bond was given before the execution against Withers was delivered to the constable. Before the replevy bond was given, and as a collateral security for the plaintiffs’ becoming jointly bound in it, Withers agreed by a written instrument to assign and transfer to them the goods distrained. This was a complete transfer of Withers’s right; he could not countermand it. The constable, who never had more than a right to hold the property for the purpose of securing the payment of the rent, must have held it as trustee for the plaintiffs. He could not hold it in trust for Summers, the landlord, because by law he had no lien on it. Withers was estopped by the writing in question. The creditors had no claim to it, because it was restored, or ought by law to have been restored as soon as the replevy bond was given, and their executions were not delivered to the constable until this was done. The constable was not then the agent of the creditors, nor authorized to take this property for their benefit, and cannot be said to hold for their use. He must have held in trust for the plaintiffs. The question is not between Summers and the plaintiff's ; he had the first lien, but he is satisfied by the plaintiffs’ securing his rent. As between the plaintiffs and those creditors, the plaintiffs have a prior and better right; they are creditors for an adequate consideration, and Withers, who was under a moral obligation to pay them, and under no legal or equitable impediment, (at least on the part of the defendant, or these creditors by judgment,) transfers the property distrained, to the plaintiffs. They ought not to be deprived of the advantage which they have gained over other creditors, by viewing the constable as holding this property for the purpose of satislying the distress, and therefore considering it as in custody of the law. When it was reple-vied, this presumption of law ceased. The object of its detention being then answered, it ought to have been released and delivered *495 up to the person entitled to it. Who was entitled to it ? Not Withers, because he had transferred it; not the constable, because he never had more than a fiduciary interest, viz., for the sole purpose of securing the payment. On his taking the replevy bond, it was fundus officio, and his interest ceased. It could not vest in the judgment creditors whose executions had not been shown or delivered, but the property must have been in the plaintiffs, and the possession of the constable, in contemplation of law, their possession. Lampriere v. Pasley, 2 T. R. 485.
In Atkin v. Barwick, 1 Str. 165, it was decided that a delivery to A, to the use of B, on a precedent consideration, is not coun-termandable by A, but vests the absolute property. In the case cited, the goods, to wit, a parcel of silk, were delivered in the absence of B, to his use, without his knowledge, or the actual delivery to B. In an action by assignees of the bankrupt, the late owner of the goods, it was insisted that they did not pass, because B had not accepted them; that though the delivery was stated to be to B’s use, yet it did not appear to be in satisfaction of a precedent debt. There was therefore no consideration, and it was a fraud on creditors. But it was decided that this passed the absolute property, subject to a disagreement by B; but the contract is not open till agreement, but complete, unless there is a disagreement, and being for B’s benefit, his disagreement shall not be presumed, and Eyre, J., said, “ all these cases go on the distinction, where the delivery is with and without consideration ; if with consideration, and the delivery is of money, debt lies; if of goods, trover. The precedent debt is a sufficient consideration, and it vests before notice; for it being to his benefit, a disagreement shall not be presumed.” Fortescue, J. “ Property by' our law may be divested without an actual delivery, as a horse sold in a stable. But it is otherwise by the civil law. A general bailment alters no property, but this is not such.”